**Raymond Duane SPRING,
Plaintiff–Appellant,**

v.

**THE UNIVERSITY OF TEXAS MEDI-
CAL BRANCH, Galveston; John D.
Stobo; A. Babbili; Unidentified Cha-
rian, Doctor; Unidentified Joyner,
Doctor, Defendants–Appellees.**

No. 03–40549.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 2004.

Raymond Duane Spring, pro se, Hunts-
ville, TX, for Plaintiff–Appellant.

Before SMITH, DEMOSS, and
STEWART, Circuit Judges.

PER CURIAM.*

Raymond Spring appeals from the dis-
missal of his 42 U.S.C. § 1983 civil rights
suit alleging deliberate indifference in pro-
viding medical care. Following a hearing
performed pursuant to *Spears v. McCotter*,
766 F.2d 179 (5th Cir.1985), a magistrate
judge recommended dismissing the claims
as frivolous and for failure to state a claim.
In his objections, Spring argued that his
claims are meritorious and that he had
been denied the right to amend his com-
plaint to include additional defendants.

The district court denied his objections,
ruling that the attempted addition of new
defendants was presented for the first
time in the objections to the report of the
magistrate judge and that Spring had
failed properly to allege exhaustion. The
record reveals, however, that twice during
the *Spears* hearing, Spring had mentioned
his desire to amend. Further, the re-
quested amendment could not have been
denied for failure properly to allege ex-
haustion until Spring had been afforded an
opportunity to make the requisite showing.
*See Miller v. Stanmore*, 636 F.2d 986, 991
(5th Cir. Unit A Feb.1981). Because the
putative amendment would have been the
amendment filed by Spring in this case, it
should have been permitted as a matter of
course. *See* FED. R. CIV. P. 15(a).

Although we express no opinion as to
the merit of the existing allegations, it is
premature to affirm the dismissal before
Spring is given the opportunity to amend.
Accordingly, we VACATE and REMAND
for proceedings consistent with this opin-
ion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.